IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANTHONY DUANE MILLS                                                    PLAINTIFF

v.                                           CIVIL ACTION NO. 5:17-cv-00110-DCB-MTP

TRAVIS PATTEN, ET AL.                                                 DEFENDANTS

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court for an evaluation of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B). Having considered the record and applicable law and having conducted a *Spears*[1] hearing on the issues, the undersigned recommends that the claims against Defendants Travis Patten, Matthew Henderson, Henry Frank, IV, Jerry Brown, and Stanley Searcy, Jr for failure to investigate be dismissed. The undersigned also recommends that the claims against Jackie Dennis be dismissed.

### JURISDICTION AND SUMMARY OF CLAIMS

Plaintiff claims that Walter Mackel, a then-deputy at the Adams County Sherriff Department raped him on the night of March 2, 2016. He claims that at different times he told various law enforcement in Adams County about the rape including Defendants Travis Patten, Matthew Henderson, Henry Frank, IV, Jerry Brown, and Stanley Searcy, Jr, but that none of them investigated the alleged criminal act by Walter Mackel. As clarified at the hearing, Plaintiff sues these individuals for failing to investigate the rape.

### ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if

1

the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K . Eby Constr. Co. v. Dallas Area Rapid Trans*it, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co*., 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. However, Section

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The hearing was held February 20, 2018.

2

1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

### Failure to Investigate/ Pursue Criminal Charges

Plaintiff sues Travis Patten, Matthew Henderson, Henry Frank, IV, Jerry Brown, and Stanley Searcy, Jr because he told them about the rape by Mackel, and they did not conduct and investigation or bring criminal charges. However, "[f]ailure to investigate or prosecute an offense does not give rise to § 1983 liability." *Rolen v. City of Brownfield, Tex.*, 182 F. App'x 362, 364 (5th Cir. 2006); *Bailey v. City of Jasper, Tex.*, No. 1:12-CV-153, 2012 WL 4969126, at *3 (E.D. Tex. Sept. 24, 2012), report and recommendation adopted, No. 1:12-CV-153, 2012 WL 4970809 (E.D. Tex. Oct. 17, 2012); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (finding a Sheriff not liable for failure to press criminal charges against the officers involved in the alleged assault of Plaintiff); *Wilson v. City of Meridian Police Dep't*, No. 4:11CV80-CWR-FKB, 2011 WL 3510942, at *2 (S.D. Miss. May 24, 2011), report and recommendation adopted, No. 4:11-CV-00080-CWR, 2011 WL 3510933 (S.D. Miss. Aug. 10, 2011) (The decision to file or not pursue criminal charges falls within the category of acts that do not give rise to § 1983 liability.) As such, Plaintiff has failed to state a claim. The "failure to investigate" claims against Travis Patten, Matthew Henderson, Henry Frank, IV, Jerry Brown, and Stanley Searcy, Jr, should be dismissed.

**Failure to Answer Phone**

Plaintiff clarified at the hearing that he is suing Jackie Dennis, a 911 dispatcher, because she was on a bathroom break when he called 911 after his alleged rape. This resulted in another officer answering the phone who did not dispatch an officer to investigate. He sues her simply because another officer answered the phone while she was on a break. Plaintiff has not stated a claim against Jackie Dennis even with the Court liberally construing his claims. Plaintiff's own testimony and allegations against her at the hearing demonstrate this claim against her is frivolous. The claim against her should be dismissed.

## RECOMMENDATION

The undersigned recommends as follows:

1. That Plaintiff's claims against Matthew Henderson, Henry Frank, IV, Jerry Brown, and Stanley Searcy, Jr, and Jackie Dennis be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). These defendants should be dismissed from this action.

2. That the failure to investigate claims against Travis Patten be dismissed. The claims against Patten for excessive force are not addressed by this report and recommendation and remain pending. *See* Omnibus Order [63]

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and

recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 31st day of July, 2018.

s/ Michael T. Parker
United States Magistrate Judge
