IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTHONY DUANE MILLS**                                                 **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:17-cv-110-DCB-MTP**

**TRAVIS PATTEN,** *et al.*                                       **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant Patten's Motion [76] for Summary Judgment and Defendant Mackel's Motion [79] for Summary Judgment. Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that the Motions [76] and [79] be granted.

## FACTUAL BACKGROUND

Plaintiff Anthony Duane Mills, proceeding *pro se* and *in forma pauperis*, was incarcerated at the Adams County Jail but has since been released and lives in Natchez, Mississippi. Plaintiff filed this lawsuit on August 25, 2017 alleging a myriad of constitutional violations against several defendants stemming from several incidents that occurred over March 2-3, 2016 at Plaintiff's home in Natchez, Mississippi. A *Spears*[1] hearing was held in this matter on July 26, 2018 and Plaintiff's claims were clarified and screened. Order [63].

The pending motions for summary judgment relate to Defendants Walter Mackel and Travis Patten.[2] Plaintiff alleges that on the night of March 2, 2016 he was sleeping on his sofa

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x 931 (5th Cir. 2010) (holding that allegations made at a *Spears* hearing supersede the complaint).

[2] On July 31, 2018, the undersigned entered a Report and Recommendation that recommended dismissing Defendants Matthew Henderson, Henry Frank, IV, Jerry Brown, and Stanley Searcy, Jr. for Plaintiff's failure to state a claim against them. Rep. and Rec. [64]. The undersigned also recommended dismissing Plaintiff's claim against Defendant Travis Patten for "failure to investigate" and dismiss Plaintiff's claim against Jackie Dennis for "failure to answer the phone." *Id*. The Report and

1

because he and his wife were having marital problems. According to Plaintiff, Defendant Mackel, at the time a deputy with the Adams County Sherriff's Department, entered Plaintiff's home, put a gun to his head, raped him, and then inserted an object into his anus. Plaintiff claims that Defendant Mackel threatened Plaintiff's children and told Plaintiff not to say anything. When the alleged sexual assault was over, Defendant Mackel left the house.

Despite this threat, Plaintiff attempted to tell his wife about the sexual assault after it happened, but she would not listen to him. Plaintiff then went into the bathroom and began to cry and cut himself with a straight razor. Plaintiff sues Defendant Mackel under 42 U.S.C. § 1983 for allegedly violating his constitutional rights under color of state law.

Plaintiff also claims that the next morning, March 3, 2016, between 7:00 a.m. and 8:00 a.m., he emerged from the bathroom and his wife noticed his self-inflicted wounds. Plaintiff's wife then called the police. Defendant Patten responded and once Defendant Patten arrived, Plaintiff was again in the bathroom cutting himself. Defendant Patten broke down the door to the bathroom and tased Plaintiff. After Plaintiff was subdued, he was taken to the hospital for treatment. Plaintiff sues Defendant Patten for an alleged use of excessive force.

On November 1, 2018, Defendant Mackel filed a Motion [79] for Summary Judgment and Defendant Patten filed a Motion [76] for Summary Judgment. Plaintiff has not responded and the time for doing so has long since passed.

---

Recommendation was adopted and Defendants Matthew Henderson, Henry Frank, IV, Jerry Brown, and Stanley Searcy, Jr., and Jackie Dennis were dismissed with prejudice. Order [74]. The failure to investigate claim against Defendant Travis Patten was also dismissed with prejudice. *Id*. The claims against Tony Nichols for retaliation and Anthony Nettles for not sending an officer to investigate Plaintiff's rape claim remain pending and neither has moved for summary judgment.

## ANALYSIS

*Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

*Defendant Patten's Motion for Summary Judgment [76]*

Plaintiff sues Defendant Patten for an alleged use of excessive force in violation of the Fourth Amendment to the United States Constitution. Defendant Patten does not dispute that he tased Plaintiff while Plaintiff was harming himself with a straight razor. Rather, Defendant Pattern asserts that he is entitled to summary judgment because he is protected by the doctrine of

qualified immunity. Plaintiff has not responded to any of Defendant Patten's arguments.

"Police officers, like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). "Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

A qualified immunity analysis requires a court to consider two questions: (1) has the plaintiff alleged a constitutional violation and (2) was that constitutional right clearly established at the time of the defendant's alleged conduct? *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (maintaining the two-step inquiry relating to qualified immunity but giving district courts the discretion to address the questions in the order that is most efficient). "To prevail on an excessive-force claim, a plaintiff must show '(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (quoting *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016)). The Fifth Circuit recognizes "that inquires regarding whether a use of force was 'clearly excessive' or 'clearly unreasonable… are often intertwined.'" *Id.* (quoting *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012)).

The undersigned need not address the first prong regarding injury, although Plaintiff has not come forward with any evidence that he suffered an injury apart from the pain of the tasing, because the other two elements of the excessive-force claim are not met. "Permissible force

4

depends on the (1) severity of the crimes at issue, (2) whether the suspect posed a threat to the officer's safety, and (3) whether the suspect was resisting arrest or attempting to flee." *Aguilar v. Robertson*, 512 Fed. App'x 444, 448 (5th Cir. 2013) (citations and internal quotations omitted).

Plaintiff was not committing a crime at the time of the tasing but was clearly injuring himself with a straight razor. An affidavit submitted by Defendant Patten states that he could see through a crack in the door frame into the bathroom where Plaintiff was continuing to cut himself. *See* [76-7]. Defendant Patten states that he kicked the door down and tased Plaintiff, after Plaintiff refused to put down the razor and open the door, to prevent him from harming the police officers present and to stop the Plaintiff from harming himself. *Id*.

The Court "must account for the difficult and often split-second decisions that police officers must make in carrying out their duties." *Lytle v. Bexar Cty.*, 560 F.3d 404, 411 (5th Cir. 2009). With that standard in mind, the undersigned finds that Plaintiff was a threat to the officers' safety and he failed to comply with Defendant Patten's commands to open the door and stop injuring himself. Under these circumstances, is was objectively reasonable for Defendant Patten to break down the bathroom door and subdue the Plaintiff.

In viewing the summary judgment evidence presented, that Plaintiff was cutting himself with a razor and refused to open the bathroom door, it is evident that Defendant Patten did not use excessive force when he tased Plaintiff. Other courts have also found that an officer's use of a taser after an actor failed to follow instructions was not an excessive use of force. *See Buchanan v. Gulfport Police Dept.*, 530 Fed. App'x 307, 314 (5th Cir. 2013) (holding that police officers used reasonable amount of force in tasing suspect who refused to comply with instructions to leave his bat on the ground); *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 182

(holding that police officers use of taser was not excessive when suspect repeatedly ignored instructions and resisted handcuffing); *Stanley v. City of Baytown, Tex.*, 2005 WL 2757370 (S.D. Tex. Oct. 25, 2005) (holding that officer's decision to tase Plaintiff after Plaintiff physically resisted medical personnel after suffering a seizure and ignoring officers instructions was not an unreasonable use of force). Therefore, the uncontested summary judgment evidence demonstrates that Defendant Patten acted reasonably when he tased Plaintiff and the force used was permissible; as such, the Motion [76] for Summary Judgment should be granted.

***Defendant Mackel's Motion for Summary Judgment [79]***

Plaintiff sues Defendant Mackel under 42 U.S.C. § 1983 for rape. This rape allegedly occurred at Plaintiff's home and Plaintiff believes it was motivated by Defendant Mackel's alleged affair with his wife. Mot. [79-1] at 19. Plaintiff also noted that he was in a previous alteration with Defendant Mackel when Plaintiff was tased and arrested following a domestic dispute with his wife. *Id*. at 20.

At the *Spears* hearing, Plaintiff stated he did not know the identity of his alleged rapist while the attack was occurring, but when it was over he looked up and saw Defendant Mackel who was wearing a black tank top with a white tie around it. *Id*. at 18. Plaintiff stated that the only thing Defendant Mackel said during the assault was "If you tell anybody, I'll kill you and your kids and take my time with your daughter." *Id*. at 18. After the rape was over, Defendant Mackel allegedly inserted another object into Plaintiff's anus and then left. *Id*. Plaintiff did not testify as to any other communications between him and Defendant Mackel on the night of the assault.

Defendant Mackel denies the allegations and argues he is entitled to summary judgment because Plaintiff has not alleged that he was acting under color of state law when this assault

occurred and that the medical evidence contradicts the accusation that an assault occurred.  Mot. [79].  Plaintiff has not responded to these arguments.

"A Section 1983 claim requires that a plaintiff '(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by person acting under color of state law.'"  *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 687 (5th Cir. 2017) (quoting *James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)).  "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law, is action taken 'under color of state law.'"  *United States v. Causey*, 185 F.3d 407, 415 (5th Cir. 1999) (quoting *United States v. Classic*, 313 U.S. 299, 325-26 (1941)).  "[A] police officer's private acts that are not advanced by his state authority, are not acts under color of state law."  *Hurlston v. City of Princeton*, 672 Fed. App'x 335, 340 (5th Cir. 2016); *see also Delcambre v. Delcambre*, 635 F.2d 407, 408 (5th Cir. 1981) (holding that a police chief was not acting under color of state law despite the fact that he was at work at the police station when he assaulted his sister-in-law over personal arguments about family issues).

"No single factor is determinative as to whether an official is acting under color of state law at the time of the conduct because, 'there is no rigid formula for determining whether a state or local law official is acting under color of state law.'"  *Alexander v. Kingdom*, 2015 WL 1862955, at *1 (N.D. Miss. Apr. 23, 2015) (quoting *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006)).  Whether an officer is on duty or wearing his uniform is not dispositive.  *Id*.  "Rather, the court must examine the circumstances as a whole and determine whether, 'the officer used his official power to facilitate his actions.'"  *Id*. (quoting *Bustos v. Martini Club Inc.*, 599 F.3d 458, 465 (5th Cir. 2010)).

Defendant Mackel argues that even if Plaintiff's factual assertions are taken as true, as required under the summary judgment standard, Plaintiff has not alleged that Defendant Mackel was acting under color of state law when he allegedly raped Plaintiff.  There is no nexus between the rape and Defendant Mackel's authority as a law enforcement officer or the performance of his official duties.  Plaintiff did not allege that Defendant Mackel identified himself as a law enforcement officer, that Defendant Mackel was in uniform, or that he used his authority as an officer to harm Plaintiff.  Moreover, the alleged rape did not occur in police custody or in relation to police activities, but in Plaintiff's home.  Plaintiff has not alleged facts that establish Defendant Mackel was "clothed with the authority of state law" when he assaulted Plaintiff or that he used his power as law enforcement officer to "facilitate his actions."  *Causey*, 185 F.3d at 415; *Bustos*, 599 F.3d at 465.

The Court need not consider Defendant Mackel's alternative argument regarding Plaintiff's purportedly conflicting statements about his medical condition because Plaintiff has not alleged facts that establish that Defendant Mackel was acting under color of state law.  As a claim for damages under § 1983 cannot be demonstrated under these set of facts, Defendant Mackel's Motion [79] for Summary Judgment should be granted.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Motions [76] and [79] for Summary Judgment be granted and Defendants Patten and Mackel be dismissed with prejudice.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

8

recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 16th day of July, 2019

                                              s/ Michael T. Parker
                                              United States Magistrate Judge