IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTHONY DUANE MILLS**                                                           **PLAINTIFF**

VS.                                 CIVIL ACTION NO.: 5:17-CV-110-DCB-MTP

**TRAVIS PATTEN, ANTHONY NETTLES,**
**MATHEW HENDERSON, HENRY FRANK, JR.,**
**TONY NICHOLS, JERRY BROWN,**
**STANLEY SEARCH, JR., JACKIE DENNIS**
**and WALTER MACKEL**                                                             **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE MICHAEL T. PARKER

THIS MATTER is before the Court on Defendant Patten's Motion (Doc. 76) for Summary Judgment, Defendant Mackel's Motion (Doc. 79) for Summary Judgment, and United States Magistrate Judge Michael T. Parker's Report and Recommendation (Doc. 92). Having reviewed the Plaintiff's complaint and Defendants Patten and Mackel's Motions for Summary Judgment, the Court agrees that the Motions [76] and [79] be granted.

### BACKGROUND

Plaintiff Mills, proceeding pro se and in forma pauperis, was incarcerated at the Adams county Jail but has since been

1

released and lives in Natchez, Mississippi. Mills sues Mackel under 42 U.S.C. §1983, claiming that Mackel — at the time a deputy with the Adams County Sheriff's Department — entered the Plaintiff's home, held a gun to his head, raped him, and inserted an object into his anus.

Mills sues Patten – Sheriff of the Adams County Sheriff's Department — under 42 U.S.C. §1983, claiming that Patten used excessive force against Mills. The day after the alleged rape, Mills' wife called the police because she noticed that Mills had cut his wrists with a razor. Patten responded to prevent the Plaintiff's self-harm. When Patten arrived, Mills had locked himself in the bathroom and was continuing to cut himself. Defendant Patten broke down the door to the bathroom and tased Mills before subduing him and taking Mills to the hospital for treatment.

On November 1, 2018, Defendants Mackel and Patten each filed a Motion for Summary Judgment (Doc. 79) and (Doc. 76). Magistrate Judge Parker filed his Report and Recommendation on July 16, 2019. At that time, the Plaintiff had failed to respond to either Defendant's Motion for Summary Judgment. Objections to the Report and Recommendation were due on July 30, 2019. The Plaintiff, instead of filing an objection to the Report and Recommendation, filed a Motion for an Extension of

Time to File a Response (Doc. 99) and then a Response in Opposition of the Motion for Summary Judgment (Doc. 101). This Court addresses those Motions in a separate order.

**ANALYSIS**

Magistrate Judge Parker recommends that Mackel's Motion for Summary Judgment should be entered, noting that the Plaintiff did not allege that Defendant Mackel acted under color of state law when he allegedly raped Plaintiff. A §1983 claim requires that the Defendant acted with the authority of state law. See Doe v. Columbia-Brazoria Indep. Sch. Dist. By & through Bd. Of Trustees, 855, F.3d 681, 687 (5th Cir. 2017)(quoting James v. Texas Collin Cnty., 535 F.3d 365, 373 (5th Cir. 2008)).

Here, as Magistrate Judge Parker writes, "There is no nexus between the rape and Defendant Mackel's authority as a law enforcement officer or the performance of his official duties." Plaintiff did not allege that Defendant Mackel identified himself as a law enforcement officer, that he was in uniform, or that he used his authority as an officer to harm the Plaintiff. The alleged rape occurred in the Plaintiff's home and had no relation to police activities or police custody. Therefore, this §1983 claim must fail because

the defendant did not act under color of state law as is required by the statute.

Magistrate Judge Parker recommends that Patten's Motion for Summary Judgment should be granted, noting that Officer Patten acted reasonably when he tased the Plaintiff. To prevail on an excessive force claim, the Plaintiff must show: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. Hanks v. Rogers, 853 F.3d 738, 744 (5th Cir. 2017)(quoting Cooper v. Brown, 844 F.3d 517, 522 (5th Cir. 2016)).

The Plaintiff was cutting himself with a razor and refused to open the bathroom door, prompting Defendant Patten to kick the door down and tase the Plaintiff. Precedent establishes that Officer Patten acted reasonably in his decision. See Buchana v. Gulfport Police Dept., 530 Fed.App'x 301, 314 (5th Cir. 2013)(holding that police officers used reasonable amount of force in tasing suspect who refused to comply with instructions to leave his bat on the ground); Pratt v. Harris Cty., Tex., 822, F.3d 174, 182(holding that police officers use of taser was not excessive when suspect repeatedly ignored instructions and resisted handcuffing); Stanley v. City of Baytown, Tex., 2005 WL 2757370 (S.D. Tex.

Oct. 25, 2005)(holding officer's decision to tase Plaintiff after Plaintiff physically resisted medical personnel after suffering a seizure and ignoring officers instructions was not an unreasonable use of force). Therefore, Plaintiff's §1983 claim fails as Defendant Patten used reasonable force under the circumstances.

Accordingly, the Court finds that the case should be dismissed with prejudice for failure to allege that Mackel acted within the color of state law and for failure to show that Patten used unreasonably excessive force.

IT IS HEREBY ORDERED that Magistrate Judge Michael Parker's Report and Recommendation (Doc. 92) is ADOPTED as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that a Final Judgment dismissing the case with prejudice will be entered on even date herewith;

SO ORDERED this the 4th day of September, 2019.

                                      /s/ David Bramlette

                                      United States District Judge