IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

ANTHONY DUANE MILLS                                           PLAINTIFF

VS.                      CAUSE NO. 5:17-CV-110-DCB-MTP

TRAVIS PATTEN, ANTHONY NETTLES,
MATTHEW HENDERSON, HENRY FRANK, JR.,
TONY NICHOLS, JERRY BROWN,
STANLEY SEARCY, JR., JACKIE DENNIS
and WALTER MACKEL                                     DEFENDANTS

## Order

This matter is before the Court on Defendant Walter Mackel ("Mackel")'s Motion for Certification of Final Judgment [ECF No. 116]. Having read the Motion, memorandum, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds that the Defendant's Motion should be DENIED.

## Background

On October 3, 2018, the Court dismissed the following Defendants from this action: Mathew Henderson, Henry Frank, IV, Jerry Brown, and Stanley Searcy, Jr. [ECF No. 74]. On September 4, 2019, the Court granted Defendant Travis Patten and Defendant Walter Mackel's Motion for Summary Judgment. [ECF No. 79]. As of the date of this Order, there are only claims against two Defendants in the suit – Anthony Nettles and Tony Nichols. Both

1

Defendants have pending Motions for Summary Judgment. [ECF No. 119]. Defendant Mackel acknowledges that the Order granting his summary judgment motion is not a final judgment and is not appealable but argues that "the most efficient and effective path to disposition… is entry of final judgment authorizing immediate appeal." [ECF No. 116] at p. 1. The Defendant argues that it would allow the Plaintiff to proceed with an appeal as to the Plaintiff's claims against Defendant Mackel.

## Discussion

Federal Rule of Civil Procedure 54(b) states that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties, only if the court expressly determines that there is no just reason for delay." As a threshold matter, the Court exercises its sound discretion in determining whether "there is no just reason for delay." Ackerman v. FDIC, 973 F.2d 1221, 1224 (5th Cir. 1992). To do so, the Court balances the "cost and inconvenience of piecemeal review and the danger of injustice from delay." Vaughan v. Carlock Nissan of Tupelo, Inc., Civ. No. 1:09-cv-293, 2011 WL 4433597, at *1 (N.D. Miss. Sept. 21, 2011). Rule 54(b) motions are "disfavored and should be granted only when necessary to avoid injustice." PYCA Indus., Inc. v. Harrison County Waste Mgmt., 81 F.3d 1412, 1421 (5th Cir. 1996).

The Fifth Circuit has made clear that avoiding piecemeal appeals is "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification." Id. The Fifth Circuit has found that piecemeal appeals or litigation would result if certification is allowed when the claims all stem from the same essential facts. See Saucier v. Coldwell Banker JME Realty, Civ. No. 1:04-cv-686-HSO-RHW, 2007 WL 2746785, at *2 (S.D. Miss. Sept. 19, 2007)(citing to Eldredge v. Martin Marietta Corp., 207 F.3d 737, 741–42 (5th Cir. 2000)).

Here, the Defendant has presented no evidence or justification warranting the application of Rule 54(b). The Defendant's rational as to why the Court should enter a Rule 54(b) judgment is that: (1) the Plaintiff is a prolific filer, (2) if the Plaintiff properly appeals the Court's grant of summary judgment as to Defendant Mackel, and the appeal fails to result in a reversal, then the Defendant will save substantial cost, and (3) the remaining charges are immaterial to Defendant Mackel and he will incur unnecessary cost and delay by waiting on the disposition of the remaining charges.

In this case, each claim arises out of essentially the same facts. Plaintiff filed suit, claiming that Walker Mackel allegedly raped the Plaintiff. Plaintiff then sued the other Defendants for their actions or inactions involving the alleged

rape. Should the Defendant's Motion for Certification of Final Judgment be granted, it is likely that the Court of Appeals will have multiple appeals arising from the same set of facts. Additionally, there is no hardship or injustice that would be alleviated by immediate appeal, other than the typical costs associated with litigation. Therefore, the Court's grant of summary judgment for Defendant Mackel shall not be certified as a final judgment, and the Plaintiff, should he so choose, may appeal when a final judgment is entered and all claims are disposed of.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Defendant Mackel's Motion for Certification of Final Judgment [ECF No. 116] is DENIED.

SO ORDERED, this the 29th day of January, 2020.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE