**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ANTHONY DUANE MILLS**                                                   **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 5:17-cv-110-DCB-MTP**

**TRAVIS PATTEN,** *et al.*                                         **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on Motion for Summary Judgment [119] filed by Defendants Anthony Nettles and Tony Nichols. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion [119] be granted and that this matter be dismissed with prejudice.

**FACTUAL BACKGROUND**

Plaintiff Anthony Duane Mills, proceeding *pro se* and *in forma pauperis*, was incarcerated at the Adams County Jail but has since been released and lives in Natchez, Mississippi. Plaintiff filed this lawsuit on August 25, 2017 alleging a myriad of constitutional violations against several defendants stemming from several incidents that occurred over March 2-3, 2016 at Plaintiff's home in Natchez, Mississippi. A *Spears*[1] hearing was held in this matter on July 26, 2018, and Plaintiff's claims were clarified and screened. Order [63]. The pending summary judgment motion relates to the two remaining Defendants, Anthony Nettles and Tony Nichols.

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 F. App'x 931 (5th Cir. 2010) (holding that allegations made at a *Spears* hearing supersede the complaint).

Plaintiff alleges that on the night of March 2, 2016 he was sleeping on his sofa because he and his wife were having marital problems. According to Plaintiff, Defendant Mackel,[2] at the time a deputy with the Adams County Sheriff's Department, entered Plaintiff's home, put a gun to his head, and raped him. Plaintiff claims that Defendant Mackel threatened Plaintiff's children and told Plaintiff not to say anything. When the alleged sexual assault was over, Defendant Mackel left the house. Despite this threat, Plaintiff attempted to tell his wife about the sexual assault, but she would not listen to him. Plaintiff then went into the bathroom and began to cry and cut himself with a straight razor.

Plaintiff alleges he called 911 three times that evening, but law enforcement did not come to his house. He believes that he spoke with Defendant Nettles on the phone the first time he called 911. Plaintiff sues Defendant Nettles for failing to respond to his 911 calls.

Plaintiff also claims that the next morning, March 3, 2016, between 7:00 a.m. and 8:00 a.m., he emerged from the bathroom and his wife noticed his self-inflicted wounds. Plaintiff's wife then called the police. Defendant Patten[3] responded and once he arrived Plaintiff was again in the bathroom cutting himself. Defendant Patten broke down the door to the bathroom and tased Plaintiff. After Plaintiff was subdued, he was taken to the hospital for treatment.

After receiving medical treatment, Plaintiff was later held at the Adams County Jail. While housed at the jail, he told Defendant Nichols, a captain, that he had been raped by Defendant Mackel. Plaintiff claims that after he made the rape allegation, Defendant Nichols threatened to "spray" him, placed him in a safety cell, and later had him taken to the state

---

[2] Defendant Mackel was granted summary judgment on September 4, 2019. Order [110].

[3] Defendant Patten was granted summary judgment on September 4, 2019. Order [110].

hospital for a mental evaluation.  Plaintiff sues Defendant Nichols for retaliating against him for alleging that a fellow law enforcement officer raped him.

On November 15, 2019, Defendants Nettles and Nichols filed their Motion for Summary Judgment [119].  Plaintiff has not responded to the motion and the matter is ripe for review.

## ANALYSIS

*Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted).  The Court must view the evidence in the light most favorable to the non-moving party.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof."  *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts."  *Little*, 37 F.3d at 1075 (emphasis omitted).  "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'"  *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

*Qualified Immunity*

Defendants Nettles and Nichols assert that they are protected by the doctrine of qualified immunity and summary judgment should be granted in their favor. Plaintiff has not responded to this argument.

"Police officers, like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). "Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

A qualified immunity analysis requires a court to consider two questions: (1) has the plaintiff alleged a constitutional violation and (2) was that constitutional right clearly established at the time of the defendant's alleged conduct? *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (maintaining the two-step inquiry relating to qualified immunity but giving district courts the discretion to address the questions in the order that is most efficient). If the defendant did violate the plaintiff's constitutional rights, "the court then asks whether qualified immunity is still appropriate because the defendant's actions were objectively reasonable in light of law which was clearly established at the time of the disputed action." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citation and internal quotation marks omitted).

Defendant Nettles

Plaintiff alleges that Defendant Nettles violated 42 U.S.C. § 1983 by failing to send officers to his house after he repeatedly called 911 and reported the alleged rape. Nettles disagrees and submits that he is entitled to qualified immunity. Specifically, Nettles argues that Plaintiff has not alleged a constitutional violation, and even if Plaintiff had, that he acted reasonably under the circumstances.

The "Due Process clause does not require a State to provide its citizens with particular protective services." *DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 197 (1989).[4] "The failure or refusal of a law enforcement agency to investigate… does not state a cognizable claim under § 1983." *Brown v. Allen*, 2016 WL 2855581, at *3 (N.D. Tex. Apr. 25, 2016) (internal quotations and citation omitted); *see also Rolen v. City of Brownfield*, 182 F. App'x 362, 364 (5th Cir. 2006) (failure to investigate or prosecute an offense does not give rise to § 1983 liability); *Doe v. City of Pharr*, 2015 WL 12966230, at *4 (S.D. Tex. Feb. 19, 2015). "Third parties do not enjoy a constitutionally protected right to have wrongdoers criminally investigated or prosecuted, even if a third party is the victim of an alleged wrongdoer's criminal acts." *Merritt v. City of Ennis*, 2005 WL 440408, at *3 (N.D. Tex. Feb. 24, 2005).

Assuming that Defendant Nettles did answer Plaintiff's 911 phone calls and failed to send officers to investigate, he did not violate any recognized constitutional protection. Plaintiff was not entitled to have law enforcement officers come and investigate his claims. Additionally, "[t]he law simply does not require emergency dispatchers and responders to forego exercise of

---

[4] There are, however, two exceptions to this rule— (1) when the state has a special relationship with the person, or (2) when the state exposes a person to a danger of its own creation. *Piotrowski v. City of Houston*, 237 F.3d 567, 584 (5th Cir. 2001). These exceptions are not present in this case.

their professional discretion and allocate their resources in a manner consistent with the assumptions of the caller, nor can a caller presume that a particular type of assistance will be rendered solely because it was requested." *Perkins v. City of Rochester*, 641 F. Supp. 2d 168, 174 (W.D.N.Y. 2009). Plaintiff, therefore, has not stated a cognizable 42 U.S.C. § 1983 claim against Defendant Nettles and he should be granted summary judgment.

Defendant Nichols

Plaintiff also alleges that Defendant Nichols violated 42 U.S.C. § 1983 by retaliating against him after he reported that Deputy Walter Mackel allegedly raped him. Defendant Nichols interprets this as a claim that Plaintiff's right to free speech was allegedly infringed upon. Nichols makes the same qualified immunity arguments as Nettles— that Plaintiff has not alleged a constitutional violation, and even if Plaintiff did, that his actions were objectively reasonable under the circumstances.

Plaintiff testified at the omnibus hearing that "[w]hen I went to the jail, I wrote a statement in May, [Nichols] came and took the statement away from me; wouldn't let me finish signing it; looked me in the face, told me if I ever said Walter Mackel raped me again, he was going to spray[5] me in the face, put me in a paper suit, and put me in a holding cell…." Omnibus Hearing Transcript [76-4] at 29-30. Plaintiff testified further that Defendant Nichols also retaliated against him by sending him to the state hospital where he was mentally evaluated. *Id.* at 30.[6]

---

[5] Defendants' brief refers to this alleged threat as one to taser Plaintiff and not spray him. The Court broadly interprets this as a threat to cause bodily harm to Plaintiff.

[6] The undersigned notes that Plaintiff was ultimately not prevented from brining a complaint against Defendant Mackel. This lawsuit thoroughly addressed Plaintiff's rape allegation, and Plaintiff was able to litigate several other matters concerning related claims against law enforcement officers. *See Mills v. Searcy*, 5:17-cv-127-KS-MTP; *Mills v. Adams*

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999) (citation omitted). Mere conclusory allegations of retaliation are insufficient; Plaintiff must present either direct evidence of retaliatory motivation or a "chronology of events from which retaliatory motivation may be plausibly inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citation omitted). "To prove causation, Plaintiff must show that but for the retaliatory motive the complained of incident would not have occurred." *Edwards v. Jones*, 2010 WL 4338638, at *7 (S.D. Miss. Oct. 26, 2010) (citation and internal quotation marks omitted). "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights," such that *de minimis* acts do not qualify as retaliation. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). "Prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010).

As to the claim that Defendant Nichols threatened to harm Plaintiff for making the rape allegation, such a threat does not qualify as a retaliatory action. A retaliation claim must be based on an adverse action and not only a threat. *Bell v. Woods*, 382 F. App'x 391, 393 (5th Cir. 2010). "[V]erbal threats are not sufficient to qualify as a retaliatory adverse act." *Gibson v. Jean-Baptiste*, 2018 WL 8807651, at *3 (W.D. Tex. Sept. 28, 2018); *see also Arita v. Stagg*,

---

*County Sheriff Department*, 5:17-cv-131-DCB-MTP; *Mills v. Adams County Sheriff Department*, 5:17-cv-135-KS-MTP; *Mills v. Adams County Metro Narcotics*, 5:17-cv-138-DCB-MTP; *Mills v. Adams County Board of Supervisors*, 5:18-cv-15-DCB-MTP; *Mills v. Adams County*, 5:18-cv-24-KS-MTP.

7

2010 WL 370343, at *6 (M.D. La. Jan. 29, 2010) (alleged retaliatory conduct consisting of threats and verbal abuse was insufficient to amount to a constitutional violation); *Voris v. Thornton*, 2018 WL 1067734, at *8 (S.D. Tex. Feb. 23, 2018); *Hoffman v. Stulga*, 464 F. App'x 229, 232 (5th Cir. 2011). Based on Fifth Circuit caselaw, Plaintiff has not asserted a constitutional claim against Defendant Nichols for threatening to "spray" him in the face, and Nichols is entitled to summary judgment on this issue.

Next, Plaintiff alleges that Defendant Nichols retaliated against him by putting him in a safety cell at the jail. Plaintiff was held at the Adams County Jail, where he was held in the safety cell for five days, following the alleged rape by Walter Mackel and Plaintiff's attempt to injure himself with a razor. Plaintiff's attempt at self-harm was so frightening and serious that his wife had to call law enforcement, and Plaintiff only stopped cutting himself after he was tased by Sheriff Patten. Omnibus Hearing Transcript [76-4] at 24-26; Patten Affidavit [76-7].

Plaintiff relies only on personal belief to support his claim that he was placed in the safety cell as retaliation *See Harbin v. Turner*, 2017 WL 6626733, at *5 (N.D. Miss. July 20, 2017) (finding prisoner's allegation that psychiatrist retaliated against him by changing his medication did not state a claim for retaliation as it was based only on prisoner's belief); *Hunter v. Harris*, 2010 WL 3713444, at *14 (S.D. Miss. Aug. 5, 2010) ("[m]ere conclusory allegations of retaliation will not suffice to withstand a proper motion for dismissal….").

Moreover, Plaintiff has not shown that this act was caused by a retaliatory motive on the part of Defendant Nichols. A prisoner must show that but for the retaliatory motive, the complained of act would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Plaintiff has not established that Defendant Nichols acted with retaliatory intent when he placed Plaintiff in the safety cell. Considering that Plaintiff had recently attempted to harm

8

himself, it was reasonable to place him in a safety cell. *See Woods v. DeSoto County's Sherriff Dept.*, 2016 WL 4570409, at *4 (N.D. Miss. Aug. 4, 2016) (prisoner could not establish retaliation claim for being placed on suicide watch when he repeatedly tried to injure himself); *see also Stewart v. Werner*, 2014 WL 3498165, at *5 (E.D. La. July 15, 2014) (prisoner could not establish retaliatory motivation for being placed on suicide watch when he was also acting erratically). For these reasons, Defendant Nichols is also entitled to summary judgment on Plaintiff's claim of retaliation for being placed in a safety cell for five days.

Plaintiff further alleges that Defendant Nichols retaliated against him by sending him to the hospital where he was mentally evaluated. Defendant Nichols argues that he was not involved in Plaintiff's commitment to the state hospital and cannot be held liable for actions he did not take.

The record demonstrates that Plaintiff was involved in chancery court proceedings to determine his mental health. A special master appointed an attorney to represent him and conducted a mental evaluation hearing. *See* Commitment Records [88] at 22. Plaintiff was then committed to in-patient psychiatric treatment by order of the special master on April 28, 2016. *Id*. at 19. Plaintiff was treated at the state mental hospital and discharged on June 14, 2016. *Id*. at 28.

The record shows that Plaintiff's wife initiated the civil commitment proceeding, not Defendant Nichols. *Id*. at 10. Plaintiff relies only on his personal belief that Defendant Nichols had him committed. This personal belief, without any supporting evidence, is not sufficient to sustain a retaliation claim. *See Harbin*, 2017 WL 6626733, at *5; *see also Hunter*, 2010 WL 3713444, at *14. Defendant Nichols is, therefore, also entitled to summary judgment on Plaintiff's retaliation claim in relation to his civil commitment.

9

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Motion for Summary Judgment [119] be GRANTED and that this action be DISMISSED with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 25th day of March, 2020.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge